UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV 23-02825-MWF(AFMx) | **Date:** October 8, 2024 |
| **Title:** | United Healthcare Services, Inc. v. Radiology Partners, Inc. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER DENYING DEFENDANT'S MOTION TO DISMISS CASE [104]

Before the Court is a Motion to Dismiss (the "Motion") filed by Defendant Radiology Partners, Inc. ("Defendant") on September 4, 2024. (Docket No. 104). Plaintiff United Healthcare Services, Inc. filed an Opposition on September 16, 2024. (Docket No. 105). Defendant filed a Reply on September 23, 2024. (Docket No. 106).

The Court has read and considered the Motion and held a hearing on **October 7, 2024**.

The Motion is **DENIED** *without prejudice*. After weighing the *Eisen* factors, dismissal does not seem appropriate here. However, this Court will impose further sanctions, including dismissal, if the action is not properly prosecuted going forward. This Order makes no ruling based on the putative contractual limitations period.

I.     **BACKGROUND**

Plaintiff filed this action on April 14, 2023. (Complaint, Docket No. 1). On August 2, 2023, Plaintiff filed a First Amended Complaint. (First Amended Complaint, Docket No. 38).

On September 27, 2023, the Court granted Defendant's motion to compel arbitration and ordered Plaintiff to submit its claims to arbitration. (Docket No. 90). Although Plaintiff had not initiated arbitration on the date Defendant filed the Motion,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 23-02825-MWF(AFMx) | Date:  October 8, 2024 |
| Title:     United Healthcare Services, Inc. v. Radiology Partners, Inc. | |

on October 6, 2024, Plaintiff filed a notice that it had initiated arbitration.  (Docket No. 107).

Defendant moves to dismiss Plaintiff's claims for failure to prosecute its alleged claims in compliance with the Court's prior order.

## II.    DISCUSSION

It is well-established that a district court has authority to dismiss a plaintiff's action due to its failure to prosecute and/or to comply with court orders.  *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (noting that district court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (stating that district court may dismiss action for failure to comply with any order of the court).

"[D]ismissal is a harsh penalty and, therefore, should only be imposed in extreme circumstances."  *Id.*; *see also Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1063 (9th Cir. 2004) ("Dismissal under Rule 41(b) is a sanction, to be imposed only in 'extreme circumstances.'") (internal citation omitted).

Before ordering dismissal, the Court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendant; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260–61 (failure to comply with court orders).

Taking all of these factors into account, dismissal for lack of prosecution is not warranted.  While Plaintiff failed to submit its claims to arbitration for over a year, Plaintiff has now done so, which favors the disposition of the case on the merits.  *See Mir v. Fosburg*, 706 F.2d 916, 918–19 (9th Cir. 1983) (finding delay of one year in filing amended complaint did not justify dismissal of action for failure to prosecute, where plaintiff had diligently prosecuted action otherwise and district court had not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 23-02825-MWF(AFMx) | Date: October 8, 2024 |
| Title: United Healthcare Services, Inc. v. Radiology Partners, Inc. | |

warned plaintiff that his inaction risked dismissal with prejudice). It is also not clear that Defendant has suffered significant prejudice due to Plaintiff's delay. *See In re Eisen*, 31 F.3d at 1453 (When exercising its discretion, a district court should consider whether unfair prejudice has occurred "and if so, whether [the alleged losses] are significant [since] [n]ot every loss, and particularly not every loss of memory, will prejudice the defense of a case."); *c.f. Anderson v. Air West, Inc.*, 542 F.2d 522, 525 (9th Cir. 1976) (finding prejudice where plaintiff's delay in service to defendants resulted in defendants losing their ability to participate in early discovery proceedings and prevented defendants from relying on two directors who had died shortly after plaintiff's window of delay).

Lastly, the Court has not previously issued warnings or other less drastic sanctions, which are proper and available here. *See Ferdik*, 963 F.2d at 1262 (noting a district court's warning to a party that his failure to obey the court's order will result in dismissal can constitute a less drastic alternative).

The cases cited by Defendant in their Motion present facts that are materially different to the ones at issue here. (*See* Motion at 11–12). Plaintiff has not indicated that it intends to continue defying the Court's order by refusing to proceed with arbitration altogether, nor has Plaintiff caused a years-long delay for inexplicable or frivolous reasons. *See e.g., Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (plaintiff "persistently refused to arbitrate as ordered" and stated he "[w]ould not pursue arbitration") (internal citation and quotation marks omitted); *Day v. Microsoft Corp.*, 703 F. App'x 593, 594 (9th Cir. 2017) (dismissal granted after plaintiff failed to commence arbitration for two years following the original order).

At the hearing, Defendant argued that the claims should be dismissed pursuant to a term in the parties' arbitration provision that states, "[T]he party wishing to pursue the Dispute must initiate the arbitration within one year after the date on which notice of the Dispute was given or shall be deemed to have waived its right to pursue the dispute in any forum." (Docket No. 68-5 at 5). This argument was raised by Defendant, as both the Court and Plaintiff's counsel agree, for the first time at the hearing. At first blush, it seems this argument should be raised with the arbitrator in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-02825-MWF(AFMx)            **Date:** October 8, 2024

Title:      United Healthcare Services, Inc. v. Radiology Partners, Inc.

the pending arbitration. To the extent, however, there is an argument to be made with this Court about the issue, Defendant should bring it in a subsequent motion.

     Accordingly, the Motion is **DENIED** *without prejudice*. Any future delay to arbitrate the claims caused by a lack of prosecution will cause this action to be dismissed.

     IT IS SO ORDERED.